IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**AARON RILEY,**

    **Petitioner,**

**v.**                                                                     **2:09-CV-79**
                                                                                 **(Maxwell)**

**KUMA J. DEBOO, Warden,**

    **Respondent.**

## ORDER

It will be recalled that, on July 8, 2009, *pro se* Petitioner Aaron Riley instituted the above-styled civil action by filing an Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241.

It will further be recalled that the case was referred to United States Magistrate Judge John S. Kaull in accordance with Rule 83.09 of the Local Rules of Prisoner Litigation Procedure.

On August 11, 2009, Magistrate Judge Kaull entered an Opinion/Report And Recommendation wherein he recommended that the Petitioner's Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241 be denied and dismissed with prejudice. Specifically, Magistrate Judge Kaull found that the Petitioner had failed to demonstrate that § 2255 was an inadequate or ineffective remedy and had improperly filed a § 2241 petition.

In his Opinion/Report And Recommendation, Magistrate Judge Kaull provided the parties with ten (10) days from the date of said Opinion/Report And Recommendation in which to file objections thereto and advised the parties that a failure to timely file objections would result in the waiver of their right to appeal from a judgment of this Court based upon said Opinion/Report And Recommendation.

On August 18, 2009, and August 12, 2009, a one-page handwritten letter from the

Petitioner to the Clerk of Court was filed as the Petitioner's Objections to Magistrate Judge Kaull's August 11, 2009, Opinion/Report And Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the Magistrate Judge's findings to which objection is made. The Court is not, however, required to review, under a *de novo* or any other standard, the factual or legal conclusions of the Magistrate Judge as to those portions of the findings or recommendation to which no objections are made. **Thomas v. Arn**, 474 U.S. 140, 150 (1985).

As previously noted, on August 18, 2009, the Plaintiff filed his letter/Objections to Magistrate Judge Kaull's August 11, 2009, Opinion/Report And Recommendation. In his letter/Objections, the Petitioner asserts that because his § 2241 petition was not resolved within thirty days as required by the Federal Rules of Civil Procedure, the letter Motion For Default Judgement that he filed on August 12, 2009, should be granted.

The docket in this matter reflects that, by Order entered September 10, 2009, Magistrate Judge Kaull denied the Petitioner's Motion For Default Judgment. Specifically, Magistrate Judge Kaull found that the Petitioner's Motion For Default Judgment was flawed in light of the fact that the case had been recommended for summarily dismissal upon preliminary review and that, accordingly, the Respondent had never been served a copy of the petition or directed to file a response thereto. Additionally, Magistrate Judge Kaull noted that, pursuant to Rule 55(e) of the Federal Rules of Civil Procedure, default judgment cannot be entered against the United States or an officer or agency thereof unless the claimant establishes a claim or right to relief by evidence satisfactory to the Court. Because he had recommended that summary dismissal of the Petitioner's claim was appropriate, Magistrate Judge Kaull found that the Petitioner had clearly failed to establish a "right to relief by evidence

satisfactory to the court" and that default judgment was not appropriate pursuant to Rule 55(e) of the Federal Rules of Civil Procedure.

The Court agrees with Magistrate Judge Kaull that the entry of default judgment in favor of the Petitioner would be entirely inappropriate in this case in light of the fact that the Respondent had never been directed to file a response to the Petitioner's § 2241 petitioner and in light of the fact that the Petitioner has failed to establish a "right to relief by evidence satisfactory to the court."  Furthermore, contrary to the Petitioner's assertion, the Federal Rules of Civil Procedure contain no requirement that a § 2241 petition be resolved within thirty days.

The Court, being of the opinion that Magistrate Judge Kaull's Opinion/Report and Recommendation accurately reflects the law applicable to the facts and circumstances before the Court in the above-styled action, it is

**ORDERED** that the Opinion/Report And Recommendation entered by United States Magistrate Judge Kaull on August 11, 2009 (Docket No. 9), be, and the same is hereby, **ACCEPTED** in whole and this civil action be disposed of in accordance with the recommendation of the Magistrate Judge.  Accordingly, it is

**ORDERED** that the Petitioner's Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Docket No. 1) be, and the same is hereby, **DENIED and DISMISSED**, **with prejudice**. It is further

**ORDERED** that the Clerk of Court shall enter judgment for the Respondent.  It is further

**ORDERED** that, should the Petitioner desire to appeal the decision of this Court, written notice of appeal must be received by the Clerk of this Court within thirty (30) days

3

from the date of the entry of the Judgment Order, pursuant to Rule 4 of the Federal Rules of Appellate Procedure. The $5.00 filing fee for the notice of appeal and the $450.00 docketing fee should also be submitted with the notice of appeal. In the alternative, at the time the notice of appeal is submitted, the Petitioner may, in accordance with the provisions of Rule 24(a) of the Federal Rules of Appellate Procedure, seek leave to proceed *in forma pauperis* from the United States Court of Appeals for the Fourth Circuit.

The Clerk of Court is directed to transmit a copy of this Order to the *pro se* Petitioner and to counsel of record in the above-styled civil action.

**DATED:** July 6, 2010

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE